# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLA WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CR-1-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Carla Wilson appeals the 12-month prison term imposed on the revocation of her second term of supervised release on her guilty plea conviction for money laundering. *See* 18 U.S.C. § 3583(e). We affirm.

Pretermitting the standard of review, because Wilson cannot prevail under any standard, we conclude that there is no merit to her claim that the district court violated her due process rights by failing to disclose to her the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contents of a confidential report by the probation office.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *see also United States v. Puckett*, 556 U.S. 129, 134, 135 (2009); *United States v. Sierra-Hernandez*, 192 F.3d 501, 503 (5th Cir. 1999).  Our review of the record convinces us that the district court selected Wilson's sentence before the report was prepared, although the sentence was not announced until after the report's preparation, and that the sentence was based on her pre-revocation violations only.  Also, we are unpersuaded by Wilson's contention that the district court deferred sentencing so that it could consider her post-revocation conduct; the delay was granted solely so that Wilson might be available to assist her daughter, who was about to give birth.  Thus, Wilson's sentence is not "based upon erroneous and material information" and does not violate due process.  *United States v. Tobias*, 662 F.2d 381, 388 (5th Cir. 1981).

Again pretermitting the standard of review, because Wilson cannot prevail under the plain error standard or under the less restrictive plainly unreasonable standard ordinarily applicable to revocation sentences, we reject her claim that the revocation sentence is unreasonable.  *See Rodriguez*, 523 F.3d at 525; *see also Puckett,* 556 U.S. at 134; *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Wilson's 12-month sentence, although exceeding the guidelines policy statement range, is below the 24-month statutory maximum and thus legal.  *See United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008).  We routinely uphold revocation sentences above the advisory range but within the statutory maximum.  *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).  In view of Wilson's multiple violations of supervised release, we discern no infirmity in the sentence and therefore do not disturb it.  *See Miller*, 634 F.3d at 843.

AFFIRMED.